UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

VINCENT SHEPHERD and HEIDI ERDI,

               Plaintiffs,

        -against-

1240 FIRST AVENUE LLC,

               Defendant.

------------------------------------x

                         09 Civ 1044 (RJH)(HBP)

                         [PROPOSED]
                         **SCHEDULING ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/09

       WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on March 5, 2009 (the "Order"); and

       WHEREAS, the Order requires that the parties jointly prepare a proposed scheduling order containing certain information.

       NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

1.   Description of the Case

    a.   Attorneys of record: Appearing for the parties are:

        For the plaintiffs:
        David C. Wrobel (DW-5242)
        Philip R. Schatz (PS-6158) – *lead trial attorney*
        WROBEL & SCHATZ LLP
        1040 Avenue of the Americas, Suite 1101
        New York, New York 10018-3703
        (212) 421-8100

        For the defendant:
        Jeffrey W. Davis (JD-7170) – *lead trial attorney*
        Natan M. Hamerman (NH-5845)
        1177 Avenue of the Americas
        New York, New York 10036
        (212) 715-9100

b. <u>Basis for federal jurisdiction</u>: Plaintiffs' complaint invokes a federal statute, the Interstate Land Sales Disclosure Act ("ILSA"), 15 U.S.C. § 1701 *et seq.* Therefore, plaintiffs assert subject matter jurisdiction pursuant to 15 U.S.C. §§ 1703, 1719 and 28 U.S.C. § 1331. There is supplemental jurisdiction over defendant's counterclaims pursuant to 28 U.S.C. § 1367.

c. <u>Brief description of the claims and counterclaims</u>: This case involves a dispute concerning a contract for the sale of real property at a condominium developed by defendant and whether the development is subject to or exempt from ILSA. Plaintiffs contend, inter alia, that defendant was required by ILSA to register the condominium development with the Department of Housing and Urban Development ("HUD"), to provide a written property report to plaintiff, and to include certain provisions concerning completion and revocation in the contract of sale. Because defendant did not do so, plaintiffs allege that the contract can be revoked pursuant to ILSA. Defendant disputes that it was required to register with HUD, and asserts that its condominium development was exempt from ILSA. Moreover, even if it was required to register, defendant contends that revocation is not available as a remedy to plaintiffs. Defendant has further claimed in its Answer that plaintiffs anticipatorily breached the contract by repudiating their obligations thereunder when they purported to rescind under ILSA. Since the Answer was filed, plaintiffs' cure period has run, so plaintiffs have actually breached, according to defendant.

d. <u>The major legal and factual issues</u>: Plaintiffs' view is that there are no material issues of fact and law that need to be resolved, and intends to move for judgment

- 2 -

on the pleadings pursuant to Fed. R. Civ. P. 12(c). Plaintiffs contend that each of the asserted "factual" issues raised below are resolvable as a matter of law based upon the language of ILSA and the cases interpreting ILSA. Defendant, on the other hand, believes that dispositive motion practice at this stage would be premature. Defendant has raised and intends to pursue various potential defenses including, but not limited to, its qualification for statutory exemptions to registration under ILSA and various equitable defenses. It is defendant's position that each of these defenses involves issues of law and many issues of fact that require discovery. For example, defendant has raised various equitable defenses that, in defendant's view, the Court is required to consider because plaintiffs seek equitable remedies and because ILSA so requires, and which can only be properly supported after full discovery. According to defendant, these defenses require factual consideration of, among other issues, plaintiffs' true motives in purporting to revoke the contract, defendant's good faith, and the potential impact of revocation as a remedy on the condominium project as a whole. Defendant also may rely on individual exemptions and/or the combination of exemptions – such as the "100 lot" exemption and "improved lot" exemption – as part of its defense to plaintiffs' claim. Defendant's position is that the use of these exemptions is permitted as a matter of statutory right and pursuant to regulations and published guidelines from HUD, the federal agency charged with ILSA's administration, interpretation and regulation. For example, defendant asserts that, to determine whether defendant qualifies for certain of these exemptions, it will be necessary for there to be discovery on (i) the number of lots sold by defendant both now and

- 3 -

at the time it contracted with plaintiffs; and (ii) the status of construction at the condominium both now and at the time of contract.

e. <u>Description of the relief sought</u>: Plaintiffs contend that they are entitled to revocation of the contract and return of their contract deposit, as well as interest and attorneys' fees, pursuant to ILSA. Defendant contends that it is entitled to retain the contract deposit and recover interest, costs and attorneys fees, pursuant to the parties' contract.

2. Proposed Case Management Plan

   a. <u>Identify all pending motions</u>: None. However, plaintiffs have indicated that they may wish to move for summary judgment, while defendant strongly opposes what it believes would be premature motion practice. In addition, defendant presently has a counterclaim based only on anticipatory breach. However, defendant contends that plaintiffs' time to cure its default under the contract (for failing to close title) has recently expired, and that, therefore, defendant now has a claim for ordinary breach of contract. Defendant has already informed plaintiffs that it will seek to amend its counterclaim to assert an ordinary claim for breach (unless consent to that amendment is given to obviate the need for the motion).

   b. <u>Cutoff for joinder of additional parties</u>: No joinder is anticipated at present.

   c. <u>Cutoff for amendments to pleadings</u>: 60 days before the completion of fact discovery.

   d. <u>Schedule for completion of discovery</u>:

      (i) A date for Rule 26(a)(1) disclosures: May 29, 2009.

- 4 -

(ii) Completion of fact discovery: ~~Plaintiffs propose August 14~~, 2009. ~~Defendant proposes December 18, 2009.~~ *October 16*

(iii) A date for Rule 26(a)(2) disclosures: Plaintiffs propose ~~August 28~~, 2009. ~~Defendant proposes January 15, 2010.~~ *November 1*

(iv) Expert discovery:

    (1) Each party shall serve its expert report as to issues on which it bears the burden of proof by [~~Plaintiffs propose September 11, 2009; Defendant proposes February 1, 2010~~]. *December 1, 2009*

    (2) Responsive expert reports by [~~Plaintiffs propose September 25, 2009; Defendant proposes March 18, 2010~~]. *Jan 8, 2009*

    (3) Supplemental expert reports by [~~Plaintiffs propose October 2, 2009; Defendant proposes April 30, 2010~~]. *Jan 24, 2009*

    (4) Expert discovery, including depositions, shall be completed by [~~Plaintiffs propose October 16, 2009; Defendant proposes May 31, 2010~~]. *Feb 26, 2009*

e. Deadline for dispositive motions: The deadline to notice dispositive motions, unless precluded by prior court order, is [~~Plaintiffs propose October 16, 2009; Defendant proposes June 30, 2010~~]. *Feb 26, 2009*

f. Deadline for filing a final pretrial order: [~~Plaintiffs propose November 13, 2009; Defendant proposes 30 days after the completion of briefing of dispositive motions, or 45 days after the close of all discovery, whichever is later~~]. *To be determined*

g. Anticipated Trial Schedule:

    (i) Whether a jury trial is requested: Plaintiffs demanded a jury trial in their complaint dated February 5, 2009. Defendant's position is that, in their contract, plaintiffs have waived trial by jury.

    (ii) Probable length of trial: Two days.

- 5 -

       (iii) When the case will be ready for trial: [Plaintiffs propose November 13, 2009; Defendant proposes October 2010].

3. Whether the Parties Consent to Proceed Before a Magistrate Judge

    The parties do not so consent.

4. Status of Settlement Discussions

    a. <u>Whether settlement discussions have occurred</u>: Settlement discussions have not occurred since prior to the filing of the complaint.

    b. <u>The status of any settlement discussions</u>: N/A

    c. <u>Whether the parties request a settlement conference</u>: Plaintiffs are in favor of a settlement conference. Based on plaintiffs' position as expressed in informal discussion among counsel and during the Rule 26(f) conference, Defendant does not believe a settlement conference would be productive at this time, but would not object if the Court desires to schedule one.

5. [handwritten] a pretrial conference shall be held on November 06, 2009 at 10:00 AM

[handwritten] Next PTC 11/6/09 @ 10:00 AM

-6-

Dated: New York, New York
May 13, 2009

WROBEL & SCHATZ LLP

By: _____
David C. Wrobel (DW-5242)
Philp R. Schatz (PS-6158)

1040 Avenue of the Americas, Suite 1101
New York, New York 10018-3703
(212) 421-8100

Attorneys for Vincent Shepherd and Heidi Erdi

SO ORDERED

_____
U.S.D.J.
5/22/09

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____
Jeffrey W. Davis (JD-7170)
Natan M. Hamerman (NH-5845)

1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Attorneys for 1240 First Avenue LLC

- 7 -